IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Daniel M. Johnson, Jr., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No: 1:18-cv-2152 |
| Maryland Department of Labor, Licensing, and Regulation, and Kelly M. Schulz, Secretary, Acting in Her Official Capacity | * * | |
| | * | |
| Defendants. | * | |

**COMPLAINT**

**I.   NATURE OF THE ACTION**

1.   This is an action under Section 504 of the Rehabilitation Act (Rehab Act), Title I and II of the Americans with Disabilities Act of 1990 (ADA), and the Maryland Fair Employment Practices Act (MDFEPA). Plaintiff Johnson is a qualified individual with a disability as defined under these statutes. Defendants applied unlawful qualification standards to Plaintiff; failed to provide accommodations to Plaintiff Johnson's disability; and terminated his employment, all in violation of the Rehab Act, ADA, and the MDFEPA. This action asks for Defendants to correct and address unlawful disability discrimination in employment practices and provide appropriate relief to Plaintiff Johnson who was adversely affected by Defendant's unlawful employment practices. The Equal Employment Opportunity Commission has issued Plaintiff Johnson a Right to Sue Letter that exhausted his administrative remedies.

1

## II. JURISDICTION AND VENUE

2. This court has jurisdiction of Plaintiff Johnson's claims pursuant to 29 U.S.C. § 794 et seq. (Rehab Act) and 42 U.S.C. § 12101 et seq. (ADA). Therefore, this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

3. This Court has jurisdiction of Plaintiff Johnson's claims pursuant to Md. Code Ann., State Gov't §§ 20-601, et seq., MDFEPA. Therefore, this Court has supplemental jurisdiction of these claims pursuant to 28 U.S.C. § 1367, (Federal Supplemental Jurisdiction).

4. Venue is proper in the District of Maryland pursuant to 28 U.S.C. § 1391(b) (district where claim arose).

## III. EXHAUSTION OF LEGAL REMEDIES

5. Plaintiff Johnson has timely invoked and fully exhausted all administrative remedies applicable to this action. Plaintiff Johnson received a Right to Sue letter from the Equal Employment Opportunity Commission on April 24, 2018. Thus, this action is timely filed.

## IV. PARTIES

6. Plaintiff Johnson is a resident of Hagerstown, Maryland. At all times relevant to this action he was an employee of Defendant Maryland Department of Labor, Licensing, and Regulation (MDDLLR).

7. Headquartered in Baltimore, Defendant MDDLLR is a Maryland state agency which operates dozens of state programs in the employment and licensing realm. At all times relevant to this action MDDLLR is a public entity as defined by Title II of the ADA. Also, it has continuously been a department of Maryland state government, operating in said state and has continuously employed at least 500 employees and has received federal financial assistance, thereby making MDDLLR a covered entity under the Rehab Act, the ADA, and the MDFEPA.

8. At all times relevant to this action, Defendant MDDLLR has continuously been an employer engaged in industry affecting commerce as defined under Section 101(5) of the ADA, 42 U.S.C. § 12111 (5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference §§ 701(g) and (h) of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(g) and (h).

9. Kelly M. Schulz is Secretary of MDDLLR and has responsibility for all of its programs.

## V.  FACTS RELEVANT TO PLAINTIFF JOHNSON'S CLAIMS FOR RELIEF

10. Plaintiff Johnson is legally blind. Plaintiff's blindness is a physical or sensory impairment that substantially limits one or more of his major life activities, namely, that of seeing.

11. Johnson began working for MDDLLR in 2001 and, at all times relevant to this Complaint, served in the role of Assistant Director for Application Development.

12. His job duties were to plan, organize, schedule, direct, control and coordinate all System Development activities for Web and PC Client Server systems, within the Office of Information Technology for MDDLLR, and to establish and meet data processing objectives which support the Department.

13. In January of 2016, Plaintiff Johnson informed Defendants that he was losing a substantial amount of vision due to diabetes. At this time, he began the interactive process of requesting accommodations. This process would continue through September of 2016.

14. MDDLLR requested that Plaintiff Johnson visit a physician to determine whether he was fit for duty.

15. Ultimately, that physician determined that Johnson would be unable to perform the

essential functions of his job due to the lack of normal eye sight. Thus Defendants created a vision requirement that is an unlawful qualification standard, employment test, or other selection criteria that screens out or tends to screen out individuals with disabilities and is not job-related and consistent with business necessity. Additionally, even if a vision requirement were lawful, said physician did not appropriately consider reasonable accommodations in opining that Plaintiff Johnson was not qualified.

16. Based on the erroneous and unlawful advice of the physician, MDDLLR placed Johnson on involuntary leave which became unpaid leave after June 20, 2016.

17. Meanwhile, Plaintiff Johnson attempted to continue the interactive process and requested various accommodations. On July 25, 2016, for example, he requested the following items: Job Access With Speech (JAWS) screen access software which converts text into synthetic speech allowing the user to navigate programs on the computer; Ruby handheld magnifier which would enlarge print as necessary; Use of Microsoft Outlook; Opportunity for orientation and mobility training at DLLR's Baltimore and Hagerstown offices; Training time for JAWS; and Occasional opportunity to work from DLLR's Hagerstown office or telecommute if Plaintiff Johnson's normal transportation were not available.

18. MDDLLR's budget is approximately $75,000,000.00 a year, and the State of Maryland's budget exceeds $40,000,000,000.00 a year.

19. None of these accommodations requested by Johnson would have created an undue burden for Defendants nor would have fundamentally altered the nature of Johnson's position.

20. MDDLLR denied the accommodations requested by Johnson from January through September of 2016.

21. By October of 2016, Plaintiff Johnson was forced to take disability retirement

because he was no longer being paid and accommodations had not been granted to permit him to perform the essential functions of his job.  MDDLLR terminated his employment on the basis of his disability.

22.	Plaintiff Johnson has been severely damaged, in that (among other things), he has experienced and will continue to experience significant pecuniary losses (including lost pay and benefits), lost earning capacity, mental anguish and emotional distress as manifested by a variety of objective physical and emotional symptoms, and the loss of life's enjoyment.

## VI.  PLAINTIFF JOHNSON'S CLAIMS FOR RELIEF:  INTENTIONAL VIOLATIONS OF THE REHABILITATION ACT,  AMERICANS WITH DISABILITIES ACT, AND MARYLAND FAIR EMPLOYMENT PRACTICES ACT

23.	Plaintiff Johnson incorporates by reference paragraphs 1 through 22 as though set out in full here.

24.	Plaintiff Johnson is a qualified individual with a disability pursuant to 29 U.S.C.  § 705 and § 794 et seq., 42 U.S.C. §12101 et seq., and Md. Code Ann., State Gov't §§ 20-601, et seq.

25.	 Plaintiff Johnson can perform the essential functions of an Assistant Director for Application Development for MDDLLR with or without accommodations.

26.	As discussed supra, Defendants created a vision requirement which is a qualification standard, employment test, or other selection criteria that screens out or tends to screen out individuals with disabilities and is not job-related and consistent with business necessity in violation of Section 504 of the Rehab Act, 29 U.S.C. §§ 794 et seq.;  Sections 102(a)

and 102(b)(6) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(6); and the MDFEPA, Md. Code Ann., State Gov't §§ 20-601 and 606, et seq.

27. Defendants MDDLLR and Schulz failed to provide the requested reasonable accommodations outlined in Paragraph 17 supra and others.

28. These accommodations would not have created an undue hardship for MDDLLR.

29. Such denial of these reasonable accommodations violate the Rehab Act, 29 U.S.C. § 794 et seq.; the ADA, 42 U.S.C., § 12112(b)(5)(A) specifically and § 12101 et seq., generally; and the MDFEPA, Md. Code Ann., State Gov't §§ 20-601 and 606, et seq.  These violations materially and adversely affected the terms of Plaintiff Johnson's employment.

30. Due to the unlawful qualification standard of normal vision placed on Johnson, MDDLLR placed Johnson on involuntary leave which became unpaid leave as of June 20, 2018 and continually denied him reasonable accommodations through September of 2016.  MDDLLR then forced Johnson to accept disability retirement or continue indefinitely without pay in October of 2016.

31. Thus, MDDLLR terminated Johnson's employment based entirely on his disability.

32. Such termination violates the Rehab Act, 29 U.S.C. § 794 et seq.; the ADA, 42 U.S.C. § 12112(a), specifically, and § 12101 et seq., generally; and the MDFEPA, Md. Code Ann., State Gov't §§ 20-601 and 606, et seq.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Johnson respectfully requests this court:

33. Declare that, as a result of conduct described herein, the Defendants have

intentionally violated Plaintiff Johnson's rights under the Rehab Act, 29 U.S.C. § 794 et seq.; the ADA, 42 U.S.C. § 12101 et seq.; and the MDFEPA, Md. Code Ann., State Gov't §§ 20-601 et seq.

34. Grant a permanent injunction enjoining Defendants MDDLLR and Schulz, their officers, agents, successors, assigns, and all persons in active concert or participation with MDDLLR:) from (a) unlawfully failing to provide equal employment opportunities to Plaintiff Johnson; b) from unlawfully failing to provide reasonable accommodations to Plaintiff Johnson; c) from engaging in any other employment practices that discriminate on the basis of Plaintiff Johnson's disability; and d) to place Plaintiff Johnson in a suitable position at MDDLLR with all appropriate and reasonable accommodations.

35. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, and eradicate the effects of its past and present unlawful employment practices.

36. Order Defendant to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 107(a) of the ADA, 42 U.S.C § 12117(a) which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

37. Award Plaintiff Johnson all damages to which he is entitled including, but not limited to, all special, general, compensatory, punitive, exemplary, or other damages, pursuant to the Rehab Act, 29 U.S.C. § 794 et seq.; Title I and II of the Americans with Disabilities Act (42 U.S.C. § 12101 et seq. and the MDFEPA, Md. Code Ann., State Gov't §§ 20-601 et seq.

38. Award Plaintiff Johnson his attorney's fees and costs, pursuant to the Rehab Act, the ADA, the MDFEPA, and otherwise authorized by law.

39. Award Plaintiff Johnson pre-judgment and post-judgment interest to the extent authorized by law.

40. Award Plaintiff Johnson such further relief as the court deems necessary and proper in the public interest.


DATED this Thirteenth day of July, 2018.

                Respectfully submitted,

                Daniel M. Johnson, Jr.


            By: */s/ Scott C. LaBarre*
                Scott C. LaBarre
                Bar No. 20381
                LaBarre Law Offices, P.C.
                1660 S Albion, Suite 919
                Denver, CO 80222
                Phone: 303-504-5979
                slabarre@labarrelaw.com

                *Attorney for Daniel M. Johnson, Jr.*